UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

DAVID D. GARRIDO,
And other similarly situated individuals,

 Plaintiff (s),

v.

PRO SERVICES GROUP, LLC,
a/k/a POOL PRO
and ADAM EDISON, individually

 Defendants.

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

 COMES NOW the Plaintiff DAVID D. GARRIDO and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants PRO SERVICES GROUP, LLC, a/k/a POOL PRO, and ADAM EDISON, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff DAVID D. GARRIDO is a resident of St. Lucie County, Florida, who worked in Palm Beah County, within the jurisdiction of this Honorable Court, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant PRO SERVICES GROUP, LLC, a/k/a POOL PRO, (hereinafter, POOL PRO or Defendant) is a Florida Profit Corporation having a place of business in Miami, Dade County, Florida. Defendant is engaged in interstate commerce.

4. Individual Defendant ADAM EDISON was and is now the owner/partner/officer and manager of Defendant Corporation POOL PRO. Defendant ADAM EDISON directed and controlled Plaintiff's work. By virtue of this control, ADAM EDISON is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Palm Beach County, Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

6. Plaintiff DAVID D. GARRIDO brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, retaliatory damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after January 2023, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant POOL PRO is a pool cleaning and maintenance company. Defendant provides pool cleaning and maintenance services to commercial and residential accounts in the area of Palm Beach County.

8. The employer POOL PRO was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant has more than two employees

directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials that were produced for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

10. Defendants POOL PRO and ADAM EDISON employed Plaintiff DAVID D. GARRIDO as a pool technician from approximately January 15, 2023, to June 09, 2023, or 21 weeks.

11. Plaintiff was a non-exempted, full-time pool technician. At the time of his termination, Plaintiff was paid per piece rate, for every pool he cleaned. Plaintiff earned an average of $1,250.00 weekly.

12. During his first 12 weeks of employment Plaintiff worked from Monday to Friday from 6:00 AM to 5:00 PM (10.5 hours), or 52.5 hours weekly.

13. For the last 9 weeks Plaintiff worked also from Monday to Friday, but from 6:30 AM to 4:00 PM (9.5 hours). Plaintiff completed 47.5 hours in one week. Plaintiff was not able to take bonafide lunchtime during his entire employment with Defendants.

14. Thus, during his relevant employment period with Defendants, Plaintiff worked 12 weeks of five days with 52.5 working hours each and 9 weeks of 47.5 hours each.

15. Plaintiff always worked in excess of 40 hours, he was paid his piece rate according to the number of pools cleaned, but he was not paid for overtime hours, as required by law.

16. Plaintiff did not clock in and out. However, Defendants were in control of his working hours. Defendants knew about the number of hours worked by Plaintiff and other similarly situated employees.

17. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid with direct deposits without paystubs providing information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

19. Plaintiff disagreed with the lack of pay for overtime hours, and he complained to his superiors on multiple occasions.

20. After Plaintiff's complaints his working hours were reduced. Plaintiff continued working overtime hours without receiving overtime pay.

21. On or about June 09, Plaintiff was forced to leave his employment, because he was working overtime hours without compensation.

22. At the time of his leave, Defendants denied Plaintiff the payment of his last week of wages plus two days of work, or 66.5 hours.

23. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

24. At times mentioned, individual Defendant ADAM EDISON was and is now the owner/partner/officer and manager of POOL PRO. Defendant ADAM EDISON was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in the interests of POOL PRO concerning its employees, including Plaintiff and others similarly situated. Defendant ADAM EDISON had financial and operational control of the business, provided Plaintiff with his work schedule and is jointly and severally liable for Plaintiff's damages.

25. Plaintiff DAVID D. GARRIDO seeks to recover unpaid overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

26. At this time, Plaintiff is not in possession of time and payment records, but he will provide a good-faith estimate of unpaid wages based on his best recollections.

27. The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked in excess of forty (40) hours during one or more work weeks during the relevant period but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40)

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1);**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

28. Plaintiff DAVID D. GARRIDO re-adopts every factual allegation stated in paragraphs 1-27 above as stated in full herein.

29. This action is brought by Plaintiff DAVID D. GARRIDO and those similarly situated to recover from their Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions

of 29 USC § 201 et seq., and specifically under the provisions of 29 USC § 207.  29 USC § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30. Defendants POOL PRO and ADAM EDISON employed Plaintiff DAVID D. GARRIDO as a pool technician from approximately January 15, 2023, to June 09, 2023, or 21 weeks.

31. Plaintiff was a non-exempted, full-time pool technician. At the time of his termination, Plaintiff was paid per piece rate, or a commission for every pool he cleaned. Plaintiff earned an average of $1,250.00 weekly.

32. During his relevant employment period with Defendants, Plaintiff worked 12 weeks of five days with 52.5 working hours each and 9 weeks with 47.5 hours each.

33. Plaintiff worked always in excess of 40 hours, he was paid his piece rate according to the number of pools cleaned, but he was not paid for overtime hours.

34. During his employment with Defendants, Plaintiff received only his piece rate. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours, as required by law.

35. Plaintiff did not clock in and out. However, Defendants were in control of his working hours. Defendants knew about the number of hours worked by Plaintiff and other similarly situated employees.

36. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

37. Plaintiff was paid with direct deposits without paystubs providing information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

38. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

39. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

40. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

41. Defendants violated the Posting requirements of 29 USC § 516.4.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*Plaintiff is not in possession of time and payment records, and he is providing this preliminary good-faith estimate of the unpaid half-time overtime based on his best recollections. Plaintiff will amend his calculations after proper discovery.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Two Thousand Six Hundred Seventy-Four Dollars and 86/100 ($2,674.86)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 21 weeks
       Total number of relevant weeks: 21 weeks
       Paid: piece rate, average $1,250.00 weekly

**1.- O/T Calculations for 12 weeks of 5 days with 52.5 hours weekly.**

Relevant weeks: 12 weeks
Average hours worked weekly: 52.5 hours
Overtime hours weekly: 12.5 O/T hours weekly
Paid: $1,250.00 weekly: 52.5 hours= $23.81 an hour
Regular rate: $23.81 x 1.5=$35.72 O/T hour-$23.81=$11.91 difference
Half-time O/T: $11.91

Half-time $11.91 x 12.5 O/T hours=$148.88 x 38 weeks= $1,786.56

**2.- O/T Calculations for 12 weeks of 5 days with 47.5 hours weekly**

Relevant weeks: 9 weeks
Average hours worked weekly: 47.5 hours
Overtime hours weekly: 7.5 O/T hours weekly
Paid: $1,250.00 weekly: 47.5 hours= $26.32 an hour
Regular rate: $26.32 x 1.5=$39.48 O/T hour-$26.32=$13.16 difference
Half-time O/T: $13.16

Half-time $13.16 x 7.5 O/T hours=$98.70 x 9 weeks= $888.30

Total #1 and #2: $2,674.86

    c. <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid half-time overtime wages.[1]

43. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §§ 201-219 and 29 CFR § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

44. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

unlawful payroll practices and procedures of Defendants and were not paid time and one-half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

45. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

46. Defendants POOL PRO and ADAM EDISON willfully and intentionally refused to pay Plaintiff DAVID D. GARRIDO overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

47. Plaintiff seeks to recover unpaid overtime wages accumulated during his time of employment.

48. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAVID D. GARRIDO and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff DAVID D. GARRIDO and other similarly situated and against the Defendants POOL PRO and ADAM EDISON based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff DAVID D. GARRIDO an equal amount in double damages/liquidated damages; and

D. Award Plaintiff DAVID D. GARRIDO reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff DAVID D. GARRIDO and those similarly situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

49. Plaintiff re-adopts every factual allegation stated in paragraphs 1-27 of this Complaint as if set out in full herein.

50. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

  (B) $6.55 an hour, beginning 12 months after that 60th day, and

  (C) $7.25 an hour, beginning 24 months after that 60th day.

51. Defendants POOL PRO and ADAM EDISON employed Plaintiff DAVID D. GARRIDO as a pool technician from approximately January 15, 2023, to June 09, 2023, or 21 weeks.

52. Plaintiff was a non-exempted, full-time, pool technician. At the time of his termination, Plaintiff was paid per piece rate, for every pool he cleaned. Plaintiff earned an average of $1,250.00 weekly.

53. During his relevant employment period with Defendants, Plaintiff worked 12 weeks of five days with 52.5 working hours each and 9 weeks of 47.5 hours each.

54. Plaintiff worked always in excess of 40 hours, he was paid his piece rate according to the number of pools cleaned, but he was not paid for overtime hours.

55. During his employment with Defendants, Plaintiff received only his piece rate. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours, as required by law.

56. On or about June 09, Plaintiff was forced to leave his employment because he was not paid correctly for his working hours.

57. At the time of his resignation, Defendants refused to pay Plaintiff for his last week of wages and two days of work, or a total of 66.5 hours.

58. There is a substantial number of hours that were not compensated at the minimum wage rate established by the FLSA.

59. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

60. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

61. Plaintiff was paid by direct deposits without paystubs providing accurate information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

62. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

63. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

64. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

65. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   Seven Hundred Thirty-One Dollars and 50/100 ($731.50)

   b. <u>Calculation of such wages</u>:

   Total period of employment: 21 weeks
   Total number of unpaid weeks: 1 week
   Total number of unpaid hours: 66.5 hours
   Paid piece rate: $1,250.00 weekly average
   Fl Minimum wage 2022-2023: $11.00 an hour

$11.00 x 66.5 hours=$731.50 weekly x 1 weeks= $731.50

   c. <u>Nature of wages:</u>

This amount represents regular unpaid wages at the Florida minimum wage rate.[2]

66. Defendants POOL PRO and ADAM EDISON unlawfully failed to pay minimum wages to Plaintiff.

67. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

68. Defendants POOL PRO and ADAM EDISON willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

69. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

Prayer for Relief

WHEREFORE, Plaintiff DAVID D. GARRIDO respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants POOL PRO and ADAM EDISON based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff DAVID D. GARRIDO and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## **COUNT III:**
## **FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE DISCHARGE OF PLAINTIFF; PURSUANT TO 29 U.S.C. 215(a)(3); AGAINST ALL DEFENDANTS**

70. Plaintiff DAVID D. GARRIDO re-adopts every factual allegation stated in paragraphs 1-27 of this Complaint as if set out in full herein.

71. The employer POOL PRO was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

72. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

73. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

74. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

75. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

76. Defendants POOL PRO and ADAM EDISON employed Plaintiff DAVID D. GARRIDO as a pool technician from approximately January 15, 2023, to June 09, 2023, or 21 weeks.

77. Plaintiff was a non-exempted, full-time pool technician. At the time of his termination, Plaintiff was paid per piece rate, for every pool he cleaned. Plaintiff earned an average of $1,250.00 weekly.

78. During his relevant employment period with Defendants, Plaintiff worked 12 weeks of five days with 52.5 working hours each and 9 weeks with 47.5 hours each.

79. Plaintiff worked always in excess of 40 hours, he was paid his piece rate according to the number of pools cleaned, but he was not paid for overtime hours.

80. During his employment with Defendants, Plaintiff received only his piece rate. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours, as required by law.

81. Plaintiff complained about unpaid overtime hours Plaintiff disagreed with the lack of pay for overtime hours, and he complained with his superiors on multiple occasions.

82. These complaints constituted protected activity under the FLSA.

83. However, after Plaintiff's complaints his working hours were reduced. Plaintiff continued working overtime hours without receiving overtime pay.

84. On or about June 09, 2023, Plaintiff was forced to leave his employment because he was not paid overtime hours as required by law.

85. At the time of his resignation, Defendants refused to pay Plaintiff for his last week of wages and two days of work, or a total of 66.5 hours.

86. There is a substantial number of hours that were not compensated at the minimum wage rate established by the FLSA.

87. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

88. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1). Defendants also failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

89. Plaintiff was paid by direct deposits without paystubs providing accurate information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

90. On or about June 09, 2023, Plaintiff was forced to leave his employment because he was working overtime hours without compensation and because his working hours were reduced after he complained about overtime payment.

91. Consequently, on or about June 09, 2023, Plaintiff DAVID D. GARRIDO was constructively discharged from his employment with Defendants. Defendants deliberately created unfair working conditions in such a way that any reasonable person could not accept, and he was forced to resign.

92. At all times during his employment, Plaintiff performed his work satisfactorily. Accordingly, there was no reason other than unlawful employment practices to discharge Plaintiff constructively.

93. The motivating factor which caused Plaintiff's constructive discharge, as described above, was his complaints about unpaid overtime wages. In other words, Plaintiff would not have been constructively discharged but for his complaints about unpaid overtime wages.

94. Defendants POOL PRO and ADAM EDISON willfully and maliciously retaliated against Plaintiff by engaging in a retaliatory action materially adverse to a reasonable employee and with the purpose of dissuading him from exercising his rights under 29 U.S.C. 215(a)(3).

95. Defendants' constructive discharge of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

96. Plaintiff DAVID D. GARRIDO has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAVID D. GARRIDO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

A. Enter judgment against Defendants POOL PRO and DAVID D. GARRIDO  that Plaintiff recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

B. That Plaintiff recovers an award of reasonable attorney's fees, costs, and expenses.

C. Order Defendants POOL PRO and DAVID D. GARRIDO to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

D. Plaintiff DAVID D. GARRIDO further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff DAVID D. GARRIDO demands a trial by jury of all issues triable as of right by a jury.

DATE:  June 30, 2023

Respectfully Submitted,

By: __/s/ **Zandro E. Palma**___
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*